## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DAVID KELLY,

    Petitioner,

    v.

STATE OF MARYLAND,
MARYLAND ATTORNEY GENERAL,

    Respondents.

Civil Action No.:  JKB-23-1104

## MEMORANDUM OPINION

Pending is Petitioner's Motion for Summary Judgment (ECF No. 17) which is opposed by Respondents (ECF No. 18).  The motion raises three claims, two of which were not raised in the pending Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  No hearing is necessary. *See* L. R. 105.6 (D. Md. 2023).  For the reasons that follow, the motion will be denied.

## I.  Background

### A. Petitioner's Allegations

Petitioner David Kelly first alleges in his Motion for Summary Judgment that the State of Maryland filed the indictment against him online and it was not from the grand jury but was from the State's Attorney's Office.  (ECF No. 17 at 1.)  He adds that the indictment was filed as a complaint in the Circuit Court under the number 7190605997 and that he received a copy of the indictment on July 20, 2021, the first day of his jury trial.  (*Id.*)  He claims that the failure to arraign him on September 5, 2019, as scheduled, and the failure to present his case to the grand jury amounts to a violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution.  (*Id.*)

Kelly's second claim is that his right to a speedy trial was violated when he was not brought to trial within 180 days as required by Md. Rule 4-271 and Md. Code Ann., Crim. Proc. § 6-103. He states that on September 5, 2019, a motion for speedy trial was filed and, by the time the first court date of January 13, 2020 occurred, 120 days of the "Hicks[1] Rule" had passed. (ECF No. 17 at 2.) On January 13, 2020, the case was postponed until March 23, 2020, "without explanation" and when that date occurred, the courts were shutdown due to the COVID-19 pandemic. (*Id.* at 3.) Kelly argues that if a criminal defendant in Maryland is not brought to trial within 180 days, the charges against him must be dismissed. (*Id.*)

Kelly's third claim in support of summary judgment concerns Md. Rule 4-215(e), which governs the actions a trial court must take when a criminal defendant who is represented by counsel requests permission to discharge the attorney.[2] Kelly states that between 2020 and 2021, he sent four letters to the court raising "many concerns regarding Case #119198005." (ECF No. 17 at 4.) He specifically references a letter dated May 6, 2021, which he claims was a "very detailed letter" requesting a pro bono attorney to replace the attorney from the Public Defender's Office. (*Id.*) In Kelly's view, the letter should have triggered the type of inquiry required by Md. Rule 4-215(e). (*Id.*) Kelly states that he is "afforded the fundamental right to counsel of [his] choice and the rule governs a court required response." (*Id.* at 5.) He argues that the failure of the Appellate Court of

---

[1]   This refers to *State v. Hicks*, 285 Md. 310 (1979), which held that a violation of Md. Rule 4-271 requiring the State to try a criminal defendant within 180 days of the earlier of his or his counsel's first appearance in the circuit court required dismissal of the underlying criminal charges.

[2]   Specifically, the court is required to permit the defendant to explain the reasons for the request, determine if the reasons are meritorious and, if so, permit the discharge of counsel and continue the action if necessary and advise the defendant if new counsel does not enter an appearance by the next scheduled date the defendant will be required to proceed to trial without counsel. Md. Rule 4-215(e). If the reasons are found to be without merit, "the court may not permit the discharge of counsel without first informing the defendant that the trial will proceed as scheduled with the defendant unrepresented by counsel if the defendant discharges counsel and does not have new counsel." *Id.*

Maryland to grant him a new trial based on the trial court's failure to abide by Md. Rule 4-215(e) in his case is a violation of his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments. (*Id.*).

### B. Respondents' Response

Respondents assert that Kelly's first two claims were not raised in his original Petition and that he has not moved to amend his petition pursuant to Federal Rule of Civil Procedure 15(a), and the claims are not cognizable claims for federal habeas relief. (ECF No. 18 at 4–8.) With respect to the third claim, Respondents assert that this claim is addressed in the Answer to the Petition and should be denied for the reasons stated therein. (*Id.* at 9.)

Respondents specifically state that Kelly's attempt to amend his petition should be denied because he has not sought leave to amend his petition, nor has he obtained the opposing party's written consent to do so as required by Rule 15(a). (ECF No. 18 at 5.) Further, they assert that, even if this Court were to construe the Motion for Summary Judgment as a Motion for Leave to Amend, it should be denied because the two novel claims raised are without merit and are non-cognizable. (*Id.* at n.2.) Respondents argue that the first claim regarding the grand jury indictment is "noncognizable because 'the Fifth Amendment requirement of indictment by grand jury does not apply to the states,' *Hartman v. Lee*, 283 F.3d 190, 195 n. 4 (4th Cir. 2002), as it was never incorporated, *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 765 n. 13 (2010)." (*Id.* at 5.) Additionally, because Kelly never presented this claim to the Maryland state courts, it is procedurally defaulted. (*Id.* at 6.) Respondents assert that Kelly's claim regarding the violation of Maryland's *Hicks* speedy trial rule is not a cognizable claim for federal habeas relief because the rule is based on state law and does not implicate a federal constitutional guarantee. (ECF No. 18 at 8.)

## II.    Standard of Review

The Federal Rules of Civil Procedure apply to federal habeas corpus proceedings to the extent they are not inconsistent with any statutory provisions or the rules governing habeas corpus proceedings. Rules Governing § 2254 Cases,[3] Rule 12. Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247–48 (emphasis in original). The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568–69 (4th Cir. 2015). The court must also "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

### Analysis

---

[3]    The district court may apply any or all of the rules governing § 2254 petitions to any habeas corpus petition that does not concern a challenge to custody pursuant to a state-court judgment. Rules Governing § 2254 Cases, Rule 1(a).

Kelly attempts to add new claims to this habeas proceeding by raising them in this Motion

for Summary Judgment. The first two claims were not raised in his petition. Pursuant to Federal

Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within

21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21

days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),

(e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend

its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P.

15(a)(2). Rule 15 dictates that "[t]he court should freely give leave when justice so requires." Fed.

R. Civ. P. 15(a)(2). If the proposed amendment appears to be a futility, this court has the discretion

to deny leave to amend. Here, the proposed amendments – grand jury indictment and speedy trial

– are futile claims because they are based solely on state law and do not warrant federal habeas

relief.

A federal petition for a writ of habeas corpus may be granted only for violations of the

Constitution or laws of the United States. 28 U.S.C.A. § 2254(a). For a claim of relief presented

under § 2254 to be cognizable for review, the petitioner must assert a violation of federal law. *See*

*Wilson v. Corcoran*, 562 U.S.1, 1 (2010) ("Federal courts may not issue writs of habeas corpus to

state prisoners whose confinement does not violate federal law."); *see also Young v. Warden, Md.*

*Penitentiary*, 383 F. Supp. 986, 1009 (D. Md. 1974) ("It is axiomatic that only the violation or

denial of some federal constitutional right, and not alleged errors in the interpretation or application

of state law, can be the basis for federal habeas corpus relief."), *aff'd*, 532 F.2d 753 (4th Cir. 1976).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated

the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68

(1991) (citations omitted). Kelly's third claim, which is raised in his petition, is also based on a state procedural rule and does not state a claim upon which federal habeas relief may be granted.

Given the foregoing, Kelly is not entitled to summary judgment. Further analysis of the other claims raised in his petition will occur in due course.

## III.    Conclusion

By separate Order which follows, Kelly's Motion for Summary Judgment shall be denied.

Dated this _24_ day of June, 2025.

FOR THE COURT:

James K. Bredar
United States District Judge